UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESTER P. ACKERMAN, IV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 25-2883 (UNA) |
| | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of the plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The Court will grant the application and dismiss the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(ii).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009). Consequently, the Court is obligated to dismiss a complaint as frivolous when, as here, "the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*,

504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981).

As best the Court can tell, the plaintiff's claims arise from placement of "[t]he pre fix [*sic*] mo . . . to the name Lester to describe a criminal act," Compl., Ex. (ECF No. 1) at 7. "The creation and/or failure to prevent the spread of the Term [allegedly] constitutes constructive libel, falsely associating Plaintiff and/or others [named Lester] with criminal behavior." *Id*. at 3. Because "Defendant's inaction allowed a linguistic act using precoursers [*sic*] for state-enabled defamation," *id*., the plaintiff's "rights to dignity and equal protection under the law" are violated, *id*., and the plaintiff "has suffered emotional distress, reputational harm, and personal anguish as a result," *id*. Among other relief, the plaintiff seeks "proper protection of Lester," *id*., and a "change [in] the vocabulay [sic] of the justice system," *id*.

The Court finds that the plaintiff's core assertions both irrational and incredible. Accordingly, the Court will dismiss complaint without prejudice and deny the motion for an emergency hearing as moot. An accompanying Order will be issued separately.

DATE: September 15, 2025

/s/
DABNEY L. FRIEDRICH
United States District Judge